Justice Scalia,
concurring.
To determine what is an “unreasonable” search within the meaning of the Fourth Amendment, we look first to the historical practices the Framers sought to preserve; if those provide inadequate guidance, we apply traditional standards of reasonableness. See Virginia v. Moore, 553 U. S. 164, 168-171 (2008). Since the historical scope of officers’ authority to search vehicles incident to arrest is uncertain, see Thornton v. United States, 541 U. S. 615, 629-631 (2004) (Scalia, J., concurring in judgment), traditional standards of reasonableness govern. It is abundantly clear that those standards do not justify what I take to be the rule set forth in New York v. Belton, 453 U. S. 454 (1981), and Thornton: that arresting officers may always search an arrestee’s vehicle in order to protect themselves from hidden weapons. When an arrest is made in connection with a roadside stop, police virtually always have a less intrusive and more effective means of ensuring their safety — and a means that is vir *352 tually always employed: ordering the arrestee away from the vehicle, patting him down in the open, handcuffing him, and placing him in the squad ear.
Law enforcement officers face a risk of being shot whenever they pull a car over. But that risk is at its height at the time of the initial confrontation; and it is not at all reduced by allowing a search of the stopped vehicle after the driver has been arrested and placed in the squad car. I observed in Thornton that the Government had failed to provide a single instance in which a formerly restrained arrestee escaped to retrieve a weapon from his own vehicle, 541 U. S., at 626; Arizona and its amici have not remedied that significant deficiency in the present ease.
It must be borne in mind that we are speaking here only of a rule automatically permitting a search when the driver or an occupant is arrested. Where no arrest is made, we have held that officers may search the car if they reasonably believe “the suspect is dangerous and ... may gain immediate control of weapons.” Michigan v. Long, 463 U. S. 1032, 1049 (1983). In the no-arrest case, the possibility of access to weapons in the vehicle always exists, since the driver or passenger will be allowed to return to the vehicle when the interrogation is completed. The rule of Michigan v. Long is not at issue here.
Justice Stevens acknowledges that an officer-safety rationale cannot justify all vehicle searches incident to arrest, but asserts that that is not the rule Belton and Thornton adopted. (As described above, I read those cases differently.) Justice Stevens would therefore retain the application of Chimel v. California, 395 U. S. 752 (1969), in the car-search context but would apply in the future what he believes our cases held in the past: that officers making a roadside stop may search the vehicle so long as the “arrestee is within reaching distance of the passenger compartment at the time of the search.” Ante, at 351. I believe that this *353 standard fails to provide the needed guidance to arresting officers and also leaves much room for manipulation, inviting officers to leave the scene unsecured (at least where dangerous suspects are not involved) in order to conduct a vehicle search. In my view we should simply abandon the BeltonThornton charade of officer safety and overrule those cases. I would hold that a vehicle search incident to arrest is ipso facto “reasonable” only when the object of the search is evidence of the crime for which the arrest was made, or of another crime that the officer has probable cause to believe occurred. Because respondent was arrested for driving without a license (a crime for which no evidence could be expected to be found in the vehicle), I would hold in the present case that the search was unlawful.
Justice Alito insists that the Court must demand a good reason for abandoning prior precedent. That is true enough, but it seems to me ample reason that the precedent was badly reasoned and produces erroneous (in this case unconstitutional) results. See Payne v. Tennessee, 501 U. S. 808, 827 (1991). We should recognize Belton’s fanciful reliance upon officer safety for what it was: “a return to the broader sort of [evidence-gathering] search incident to arrest that we allowed before Chimel.” Thornton, supra, at 631 (Scalia, J., concurring in judgment).
Justice Alito argues that there is no reason to adopt a rule limiting automobile-arrest searches to those cases where the search’s object is evidence of the crime of arrest. Post, at 364 (dissenting opinion). I disagree. This formulation of officers’ authority both preserves the outcomes of our prior cases and tethers the scope and rationale of the doctrine to the triggering, event. Belton, by contrast, allowed searches precisely when its exigency-based rationale was least applicable: The fact of the arrest in the automobile context makes searches on exigency grounds less reasonable, not more. I also disagree with Justice Alito’s conclusory *354 assertion that this standard will be difficult to administer in practice, post, at 360-361; the ease of its application in this ease would suggest otherwise.
No other Justice, however, shares my view that application of Chimel in this context should be entirely abandoned. It seems to me unacceptable for the Court to come forth with a 4-to-l-to-4 opinion that leaves the governing rule uncertain. I am therefore confronted with the choice of either leaving the current understanding of Belton and Thornton in effect, or acceding to what seems to me the artificial narrowing of those cases adopted by Justice Stevens. The latter, as I have said, does not provide the degree of certainty I think desirable in this field; but the former opens the field to what I think are plainly unconstitutional searches — which is the greater evil. I therefore join the opinion of the Court.